UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

TIMOTHY ANDREW HUTCHINSON                                            PLAINTIFF

v.                                              CIVIL ACTION NO. 5:21-CV-P42-TBR

BROOK AMBERG et al.                                                 DEFENDANTS

**MEMORANDUM OPINION**

*Pro se* Plaintiff Timothy Andrew Hutchinson filed a complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the complaint will be dismissed.

**I. SUMMARY OF CLAIMS**

The complaint states that Plaintiff was confined at the Graves County Restricted Custody Center as a convicted inmate at the time he filed this complaint.[1] He names as Defendants in their official capacities Graves County Sheriff Brook Amberg; Graves County Circuit Court Judge Timothy Starks; Graves County Assistant Prosecutor John J. Beasley; and the Graves County Circuit Court. He states that his constitutional right to due process was violated on August 14, 2019, "by multiple law enforcement agencies under the leadership of [Defendant Amberg] due to false swearing on an affidavit which was a result of my being arrested and incarcerated." He alleges that Defendant Beasley maliciously prosecuted him and that the Graves County Circuit Court refused to suppress the affidavit and allowed his conviction even though it knew of the allegedly "false swearing" in the affidavit.

---

[1] It appears that since then he has been moved to home incarceration or has finished his sentence and been released from custody.

As relief, Plaintiff asks for monetary and punitive damages and injunctive relief of "release from custody [and] charges off my record."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the *Heck* doctrine, a state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on his claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison

proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *see also Robinson v. Hardin Cty. Det. Ctr.*, No. 3:18-CV-P301-DJH, 2018 WL 3661452, at *2 (W.D. Ky. Aug. 2, 2018) ("Plaintiff can only maintain a claim for damages based upon malicious prosecution if he has been exonerated of the charges against him." (citing *Heck*)).

     This is true even for Plaintiff's claim related to "false swearing" in the affidavit supporting a warrant. Although a Fourth Amendment claim for illegal search or arrest will not be barred by *Heck* if it does not necessarily imply the invalidity of the conviction, that is not the case here where the complaint indicates that the conviction was based on the allegedly false statements in the affidavit. If the factual basis of a plaintiff's § 1983 claim would "inevitably undermine his conviction," then *Heck* bars the claim, even if it arises under the Fourth Amendment. *See Vickers v. Donahue*, 137 F. App'x 285, 290 (11th Cir. 2005) (per curiam ) (holding that Fourth Amendment § 1983 claim premised on officer providing false information in affidavit to secure an arrest warrant was barred by *Heck* because "the factual basis for [the plaintiff's] claim . . . inevitably undermine[s] his conviction"); *Hancock v. Word*, 27 F. App'x 256, 257 (6th Cir. 2001) (applying *Heck* to false arrest claim).

     Plaintiff does not allege that his conviction or sentence has been reversed on direct appeal, expunged by Executive Order, or declared invalid by a state tribunal, and Plaintiff has not filed a petition for writ of habeas corpus in this Court. Therefore, by separate Order, the

Court will dismiss this action without prejudice for failure to state a claim under the *Heck* doctrine.

Date: August 13, 2021

                                            **Thomas B. Russell, Senior Judge**
                                            **United States District Court**

cc:    Plaintiff, *pro se*
        Defendants
        Graves County Attorney
4413.009